O. J. McMANUS, Appellee, v. OTTO KUCHARO et al., Appellants.

No. 42777.

APRIL 2, 1935.

A. J. Nielsen and Thomas O. Tacy, for appellants.

Reed A. Flickinger, for appellee.

RICHARDS, J.—This was an action at law, commenced in the municipal court of Council Bluffs. On this appeal the only material portion of appellee's petition is count I thereof, in which appellee alleged that on or about October 1, 1933, the appellee and appellants entered into an oral contract by the terms of which appellee agreed to perform certain services for appellants, and appellants agreed to pay appellee for the performance of said services the sum of $500. It is further alleged that the services have been fully performed by appellee and that there is now due and owing the said sum of $500. The appellants' answer amounted to a general denial.

The case was tried to the court without a jury and a judgment rendered in favor of appellee against appellants for the sum of $500, but the court deducted therefrom a certain admitted credit. From this judgment this appeal was taken.

The pleadings in the case determined the issues. The only issue was whether appellee was entitled to recover $500 by reason of the alleged express contract. This single issue controlled the competency of the evidence. Obviously under the situation the court did not err, as claimed by appellants, in excluding any evidence appellants may have offered as to the value of appellee's services, nor in holding that appellee's recovery, if any, must be the sum of $500.

The remaining error set out by appellants, namely, that the court erred in excluding all evidence tending to prove nonperformance of the contract by appellee, cannot be considered. This is because, unfortunately, if there was such error, the abstract fails to set out any of the evidence offered or introduced, or the objections or rulings thereon.

No error appearing on the record before us, the judgment appealed from is affirmed.

ANDERSON, C. J., and ALBERT, DONEGAN, PARSONS, HAMILTON, and POWERS, JJ., concur.